UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Duane Larson, Ronald Morris, Jr., Robert Cogger, Thomas E. Fisher, and Thomas J. Warnke, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

MINUTE ORDER

The Burlington Northern and Santa Fe Railway Company, a corporation,

Defendant.

Civ. No. 01-527 (JEL/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 27th day of June, 2002.

I. Introduction

On June 27, 2002, the Court heard argument on the informal, letter request of Glenn E. McDonald ("McDonald"), who is a former supervisory claims representative of the Defendant, for protection as to the taking of his deposition by the parties in this litigation. At the time of the Hearing, McDonald appeared by J. Murray Kleist, Esq.; the Plaintiffs appeared by Russell A. Ingebritson, Robert J. King, Jr., Philip G. Arnold, and Richard A. Lockridge, Esqs.; and the Defendant appeared by Edward M. Glennon, Steven J. Roeder, and Douglas A. Albritton, Esqs. For reasons which follow,

FILED JUN 27 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

we conclude that we are without jurisdiction to consider McDonald's informal, letter request and, therefore, we defer the issues raised to the United States District Court for the Eastern District of Washington at Spokane, from which the Subpoena duces tecum, for the taking of McDonald's deposition, issued.

## II. Discussion

This action involves a putative class claim that the Defendant fraudulently induced certain of its present and former employees, who had work-related, noise-induced, hearing loss claims, and who were not then represented by legal counsel, to accept settlement amounts, in exchange for releases as to those claims, which were unfairly undervalued. Multidistrict Litigation, now pending before the United States District Court for the Western District of Washington at Seattle, involves somewhat paralleling issues, but with respect to a putative class of the Defendant's present, or former employees, who settled similar claims, but who were then represented by legal counsel. The deposition of McDonald has been contemplated by the parties in each of the separate legal proceedings.

The parties in each proceeding believe that McDonald has relevant information as to the issues involved in the Defendant's settlement of the work-related, noise-induced, hearing loss claims. The Defendant contends that, as an assertedly disgruntled former employee, McDonald has shared confidential, or privileged informa-

tion, with counsel for the Plaintiffs in each action. McDonald apparently lives and works in the Eastern District of Washington, and his deposition was provisionally noted to be taken in Spokane, Washington, pursuant to a Subpoena duces tecum, which had been issued by the United States District Court for that District. Fearing that McDonald would be burdened by two depositions, which could involve substantially overlapping inquiries, counsel for McDonald jointly wrote to the Presiding Judge in the Multidistrict Litigation, as well as to this Court, expressing concern that protection would be needed. Counsel's letter generated numerous letter responses, and counter responses, from counsel for the parties in both legal proceedings.

The parties to this litigation have expressed a desire to have a separate deposition of McDonald, but one which would allow them to inquire as to matters related to the Multidistrict Litigation. In addition, the scope of McDonald's Subpoena duces tecum appears to be in contest, and the logistics of the scheduling, and conduct of McDonald's deposition, remain unresolved. Expressing concern over the likelihood of a labored deposition of McDonald, owing to the numerous attorney-client, and work-product objections, which could be raised in the course of McDonald's questioning, the Presiding Judge in the Multidistrict Litigation proposed that McDonald's deposition be conducted in the presence of that Court.

Both the Court in the Multidistrict Litigation, and this Court, have entertained separate Motions to disqualify counsel for the Plaintiffs, on ethical grounds, and each Court directed the parties to refrain from ex parte contact with McDonald until his deposition could be completed.

In view of this procedural background, counsel for the parties, as well as for McDonald, properly drew to the attention of both Courts their respective concerns arising from McDonald's deposition. We conclude, however, that whether we construe McDonald's informal request as a Motion for Protection, under Rule 26(c), Federal Rules of Civil Procedure,[1] or the parties' concerns as a Motion to Compel, under Rule 37(a)(1),[2] Federal Rules of Civil Pro-

---

[1]In pertinent part, Rule 26(c) provides as follows:

> Upon motion by a party or by the person from whom discovery is sought, * * * and for good cause shown, the court in which the action is pending **or alternatively, on matter relating to a deposition, the court in the district where the deposition is to be taken** may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden * * *.

[Emphasis added].

[2]Rule 37(a)(1) provides, in relevant part, as follows:

> An application for an order to a party shall be made to the court in which the action is pending. **An application for an order to a person who is not a party shall be make to the**

(continued...)

cedure, we are without jurisdiction to entertain either construction of those concerns. Both Rules plainly recognize that disputes as to the taking of a deposition of a nonparty witness -- such as McDonald -- are to be resolved by the District Court in the District in which the deposition is to be taken. See, In re Digital Equipment Corp., 949 F.2d 228, 231 (8th Cir. 1991). Accordingly, discovery disputes related to the taking of McDonald's deposition are deferred to the District Court for the Eastern District of Washington at Spokane, which issued the Subpoena duces tecum that compels McDonald's appearance at that deposition, or to such other Court as allowed by the applicable Federal Rules of Civil Procedure.[3]

---

[2](...continued)

> **court in the district where the discovery is being, or is to be, taken.**

[Emphasis added].

[3]In In re Digital Equipment Corp., 949 F.2d 228, 231 (8th Cir. 1991), our Court of Appeals recognized that portion of the Advisory Committee Notes to Rule 26(c), which provides as follows:

> The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.

Given the absence of jurisdiction in this Court, we intimate no view as to the import of this Advisory Note vis-à-vis the District Courts for the Eastern and Western Districts of Washington.

Lastly, we note that our jurisdiction does extend to the "no contact" directive that we issued in conjunction with our provisional denial of the Defendant's Motion to disqualify counsel for the Plaintiffs. At that time, we instructed that none of the parties in this litigation or their counsel, should directly, or indirectly, contact McDonald with respect to the substance of this legal proceeding. Although we recognized that McDonald consulted with one of the Plaintiffs' counsel on unrelated litigation, and that relationship should not be precluded by our directive, we did not intend for any party, or counsel in this action, to substantively approach McDonald on an ex parte basis. We maintain that directive, so as to assure that, even by indirection through McDonald's counsel, no party, or counsel to a party, may discuss the substance of McDonald's potential testimony in this action in advance of his deposition. We suggested, so as to mutually inform the parties as to the relevant documents in McDonald's possession, custody, or control, that his counsel identify any such documents, in a manner which would not disclose the substance of their content, in order to apprise the parties of what documents he holds which respond to the Subpoena duces tecum. We do not contemplate any other substantive contact, between the parties, or counsel for the parties, with McDonald, or with his attorney, except on purely administrative matters, until the completion of McDonald's deposi-

tion. If documents on that listing suggest potential privilege issues, then the District Court in the District where the deposition is to be taken is best positioned, jurisdictionally, to address those issues, absent a remittal.[4]

NOW, THEREFORE, It is --

ORDERED:

That the informal request for protection of nonparty deponent, Glenn E. McDonald, is DENIED for want of jurisdiction.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[4]We recognize that the Plaintiffs, here, object to certain of the Defendant's discovery responses -- an issue that fully falls within our jurisdiction -- and that, given the deadlines which we have established in our Scheduling Order, time is of the essence. We note, however, the Defendant's assertion that the parties have not "met and conferred" on those discovery matters, and we decline to entertain those objections until the parties first seek to responsibly resolve them. The parties are directed to "meet and confer" and, depending upon the matters remaining in dispute, if any, they are to contact this Court's Judicial Assistant for a Hearing date either through the Court's informal, or formal resolution approach, as the Court should deem appropriate.