**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| DUANE LARSON, RONALD MORRIS, Jr. ROBERT COGGER and THOMAS E. FISHER, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BURLINGTON NORTHERN & SANTA FE RAILWAY COMPANY, a corporation,<br><br>Defendant. | Court File No.: 01-CV-527<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**STIPULATION**

WHEREAS, Defendant The Burlington Northern Santa Fe Railway Company ("BNSF) represents that certain documents and portions of other documents may be produced in this litigation that contain confidential, trade secret, or other sensitive information,

WHEREAS, plaintiffs acknowledge that BNSF has proffered general and hypothetical arguments that demonstrate that certain documents and portions of other documents may necessitate a Protective Order to facilitate discovery,

WHEREAS, Plaintiffs and BNSF desire to facilitate discovery and reserve all arguments regarding confidentially until such times as an actual controversy exists concerning a certain document or portion of a document.

THEREFORE, Plaintiffs and BNSF stipulate that a protective Order in the form that follows be presented to the Court for consideration and signature.

FILED SEP 16 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK J.H.

# PROTECTIVE ORDER

The Court, having taken into consideration the public interest and public policy factors associated with a Protective Order in this action and the submissions of the parties, and the parties having stipulated and agreed, subject to the approval of this Court, IT IS ORDERED:

1. "PROTECTED MATERIAL" is defined herein as a trade secret, other confidential research, development or commercial information or material, or other sensitive information, the disclosure of which is likely to prejudice the rights of one or more parties hereto.

2. Any party or person in this litigation may, in good faith, designate information or material disclosed, produced or filed by that party or person in the course of this litigation as "PROTECTED MATERIAL" in this manner hereinafter set forth in paragraphs 3, 4, 5 and 6 or by written agreement of the parties at any time.

3. All or any part of a document may be designated as "PROTECTED MATERIAL" by the disclosing party or person by marking the words "PROTECTED MATERIAL-*Larson v. BNSF*, Court File No. 01-CV-527" on the face of the original of the document and each page so designated, or on the face of the photocopy of the document filed with the Court or delivered by the disclosing party or person to the party to which the document is produced, and on the photocopies of each page so designated. Each party shall, in good faith, designate only so much of a document as is necessary to maintain the confidence or secret. The designation as "PROTECTED MATERIAL" may be made by the disclosing party or person by marking the above-described legend on the face of the document, if practicable, or by delivering at the time of disclosure or

production to the party to which disclosure or production is made, written notice that such document is "PROTECTED MATERIAL." See paragraphs 6 and 10 concerning "PROTECTED MATERIAL" in court filings.

4. Any person or party giving deposition testimony in this litigation may designate his or her testimony or any portion thereof, or deposition exhibits or any portion thereof, as "PROTECTED MATERIAL" by advising the reporter and all parties of such fact during the deposition. In addition, any party may so designate any part or all of any deposition, or any part or all of any deposition exhibit as "PROTECTED MATERIAL" and shall so designate at the time of the deposition. Each party shall, in good faith, designate only so much of the testimony or a document as is necessary to maintain the confidence or secret within 30 days of receipt of the transcript. During the 30 day period, the transcript shall be treated as protected material.

5. All or any party of responses to interrogatories or to requests for admission or for production of documents may be designated as "PROTECTED MATERIAL" by the responding party by marking the words "PROTECTED MATERIAL-*Larson v. BNSF*, Court File No. 01-CV-527" on the face of the response and each page so designated. Each party shall, in good faith, designate only so much of a discovery request or response as is necessary to maintain the confidence or secret

6. Portions of briefs or affidavits, including exhibits thereto, that contain "PROTECTED MATERIAL" must be designated as "PROTECTED MATERIAL" by the party or parties filing the brief or affidavit by marking the words "PROTECTED MATERIAL-*Larson v. BNSF*, Court File No. 01-CV-527" on each page of the brief or

affidavit containing "PROTECTED MATERIAL." Brief or affidavits containing "PROTECTED MATERIAL" shall be filed and served by the parties as follows:

(a) Filing. One redacted version of the brief or affidavit that, in its unredacted form, contains "PROTECTED MATERIAL" shall be filed with the clerk for the assigned judge under seal in an envelope marked "PROTECTED MATERIAL" – *Larson v. BNSF*, Court File No. 01-CV-527" for placement into the file. Two copies of the unredacted version of the brief or affidavit bearing the caption of the case and title of the brief or affidavit marked "Judge's Copy" and addressed to the Judge's or Magistrate Judge's judicial clerk shall simultaneously be furnished under seal in a similarly labeled envelope to the Court's chambers.

(b) Service. The party or parties filing a brief or affidavit, all or a portion of which has been designated as "PROTECTED MATERIAL" shall serve all counsel on the Master Service List with unredacted copies of the brief or affidavit.

7. Material designated as "PROTECTED MATERIAL" shall be used or disclosed solely in the above-captioned action, pending here in the United States District Court for the District of Minnesota, (referred to as *Larson v. BNSF*, Court File No. 01-CV-527), and in accordance with the provisions of this Protective Order, and such "PROTECTED MATERIAL" shall not be used in any other litigation or for any other purpose without further order of this Court. Nothing in this Protective Order shall preclude any party or its representative from discussing with any other person the progress, theories, or legal strategy in *Larson v. BNSF*, Court File No. 01-CV-527, as long as the contents of the "PROTECTED MATERIAL" are not disclosed. "PROTECTED MATERIAL" may be disclosed only in accordance with paragraph 8.

The fact that a document was produced in this action or counsel became aware of or had knowledge of documents or matters contained in a document produced in this litigation shall not serve as a basis for disqualifying or removing counsel in the representation of any other person, corporation, association, or entity in any other case or proceeding.

8. Other than Court personnel (including court reporters), commercial photocopying firms, or as provided in paragraphs 10 and 11, access to "PROTECTED MATERIAL" shall be limited to:

(a) A party and its directors, officers, employees, and agents in connection with the prosecution, defense or supervision of the *Larson v. BNSF*, Court File No. 01-CV-527:

(b) A party's insurers, reinsurers, and outside or in-house auditors;

(c) Counsel of record for the respective parties in the, *Larson v. BNSF,* Court File No. 01-CV-527 and employees of said counsel;

(d) Other counsel for the respective parties in the *Larson v. BNSF*, Court File No. 01-CV-527 and their employees, who are assisting in the prosecution of defense of *Larson v. BNSF*, Court File No. 01-CV-527;

(e) Experts and consultants (including independent experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, *Larson v. BNSF*, Court File No. 01-CV-527. Access to "PROTECTED MATERIAL" by experts or consultants shall be limited to the documents that the experts or consultants reasonably need to review in their roles as experts or consultants.

(f) Non-party participants and their counsel as set forth in paragraph 9 below. Such participants shall include those non-parties and their counsel who attend any deposition, proceeding, hearing, or trial by virtues of a notice, cross-notice, subpoena or order of consolidation.

(g) The Court makes no ruling on whether oral argument, trials, or other court proceedings during which "protected Material" may be introduced as an exhibit, referred to, or discussed will be closed to the public.

9. Counsel shall inform all non-party participants and their counsel to whom they disclose or give access to "PROTECTED MATERIAL" of the terms of this Protective Order as well as the obligation to comply with those terms. Each such participant who is given access to "PROTECTED MATERIAL" also shall sign a copy of the Commitment of Qualified Recipient Pursuant to Protective Order, which shall be made an exhibit to the proceeding. The party disclosing "PROTECTED MATERIAL" shall so advise the reporter, who, therefore, shall mark the cover of the transcript as follows: "This transcript contains "PROTECTED MATERIAL" pursuant to the Protective Order entered in this action."

10. "PROTECTED MATERIAL" from a deposition may be disclosed to the Court in connection with any filing or proceeding in this litigation, but the party disclosing it shall cause the "PROTECTED MATERIAL" to be filed either under seal or in redacted form with the Clerk of the Court. A copy of the papers submitted for filing to the Court may also be submitted, unredacted and sealed to the judge, magistrate or master expected to hear the matter provided that in a transmittal letter, the judge, magistrate or

master is advised of the "PROTECTED MATERIAL" status of the papers, contents, or portions and is requested return those materials to the party who made the submission.

11. Nothing in this Order shall be construed in any way to control the use, dissemination, publication or disposition by a party (a) of documents or information existing in the files of that party, as a result of previous discovery, prior to the date of the Protective Order, or (b) of documents of information received at any time by that party outside the course of the discovery process in this litigation. The confidential or privileged status, if any, of such documents or information shall be determined without respect to this Protective Order.

12. Nothing in this order shall be construed in any way as a finding that the "PROTECTED MATERIAL" does or does not constitute or contain proprietary information, trade secrets or other sensitive material. Any party may challenge the designation by another party of any information or material as "PROTECTED MATERIAL." The objecting party shall object, in writing, to the specific designations with which it takes exception. Within fourteen (14) days of service of such objection, the parties shall meet and confer pursuant to D. Minn. L.R. 37.1 in an attempt to resolve disputes. If 14 days after written objection the parties have not reached an agreement, the parties may upon expedited written motion or letter brief, submit the matter to the Court. At all times the burden of proving that a document or part thereof is protected or confidential remains with the party who made the designation. Unless and until this court enters an order to the contrary, the information or material shall be treated as "PROTECTED MATERIAL."

13. This Protective Order and the agreements embodied herein shall survive the termination of this action and continue in full force and effect.

14. This Order does not preclude any party from moving to have any other information or material designated as protected in accordance with the rules of this Court.

IT SO ORDERED

Dated: 9-16-02

Raymond L. Erickson
United States ~~District Court~~ Judge
MAGISTRATE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| DUANE LARSON, RONALD MORRIS, Jr. ROBERT COGGER and THOMAS E. FISHER, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE BURLINGTON NORTHERN & SANTA FE RAILWAY COMPANY, a corporation,<br><br>Defendant. | Court File No.: CV 01-527 |

**COMMITMENT OF QUALIFIED RECIPIENT**
**PURSUANT TO CONFIDENTIALITY ORDER**

I hereby affirm that: (1) I have received and read a copy of the Protective Order entered herein by the Court; (2) I understand the terms thereof and agree to be bound thereby; and (3) I am aware that a violation of such Order may result in a finding of contempt of Court.

Date:______________________

______________________________
Please Print Name

______________________________
Signature

#480465v2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Duane Larson, Ron Morris, Jr., Robert Cogger, and Tom Fisher, individually, and on behalf of all other similarly situated,

Plaintiffs,

vs.

The Burlington Northern Santa Fe Railway Company, a corporation,

Defendant.

Court File No. CV 01-527 RHK/RLE

**AFFIDAVIT OF SERVICE**

---

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

Barbara R. Gilles, being first duly sworn on oath, deposes and states that on the 13th day of September, 2002 she caused the **Stipulation and Protective Order** to be served on the following people in the manner indicated:

**VIA U.S. MAIL**
Edward M. Glennon, Esq.
Lindquist & Vennum PLLP
80 South Eighth Street, Suite 4200
Minneapolis, MN 55402

**VIA U.S. MAIL**
Westin W. Marsh, Esq.
Steven E. Cyranoski, Esq.
Freeborn & Peters
311 South Wacker Drive, Suite 3000
Chicago, IL 60606

Barbara Gilles

Barbara R. Gilles

Subscribed and sworn to before me this 13th day of September, 2002.

Cheryl Treptow Johansen

Notary Public

CHERYL TREPTOW JOHANSEN
NOTARY PUBLIC – MINNESOTA
My Commission Expires 1-31-2007

303253- 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.